

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-15-00251-CV**

IN THE INTEREST OF D.R., C.R.
AND D.R., MINOR CHILDREN

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 12278-JR-C

----------

## MEMORANDUM OPINION[1]

----------

Appellant Father attempts to appeal from the "Decree Of Termination," terminating his parental rights to D.R., C.R., and D.R. The trial court signed the termination order on June 29, 2015; thus, Father's notice of appeal was due on July 20, 2015. *See* Tex. Fam. Code Ann. § 263.405(a) (West 2014) (providing that appeals from final termination orders are accelerated); Tex. R. App. P. 4.1(a) (providing that if due date falls on a Saturday, Sunday, or legal holiday, it is extended until the next day that is not a Saturday, Sunday, or legal holiday),

---

[1]*See* Tex. R. App. P. 47.4.

26.1(b) (requiring notice of appeal in accelerated case to be filed within twenty days of appealable order or judgment). The notice of appeal was not filed until July 28, 2015.

On August 5, 2015, we notified Father that it appeared we lacked jurisdiction over this appeal because the notice of appeal was not timely filed. *See* Tex. R. App. P. 26.1(b). We advised him that this appeal could be dismissed unless he, or any party desiring to continue the appeal, filed a response showing grounds for continuing the appeal on or before August 17, 2015. *See* Tex. R. App. P. 42.3(a). Father did not file a response. On August 21, 2015, the Department filed a motion to dismiss the appeal.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by rule 26.1 but within the fifteen-day period in which appellant would be entitled to move to extend the filing deadline under rule 26.3. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3. However, when a motion for extension is implied, it is still necessary for the appellant to reasonably explain the need for an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

2

Because Father's notice of appeal was untimely and because Father did not provide a reasonable explanation for needing an extension,[2] we grant the "Department's Motion to Dismiss Appeal" and dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 2, 25.1(b), 26.3, 42.3(a), 44.3; *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also In re K.A.F.*, 160 S.W.3d 923, 928 (Tex.) (affirming appellate court's judgment dismissing appeal from termination order for want of jurisdiction because notice of appeal was filed more than twenty days after the trial court's judgment was signed), *cert. denied*, 546 U.S. 961 (2005); *In re A.N.C.*, No. 02-09-00429-CV, 2010 WL 1006410, at *1 (Tex. App.—Fort Worth Mar. 18, 2010, no pet.) (mem. op.) (dismissing appeal from termination order for failure to timely file notice of appeal).

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and SUDDERTH, JJ.

DELIVERED:  September 3, 2015

---

[2]Father's notice of appeal states that it is "outside the 20[-]day appellate timetable" and further states, "Counsel was notified by Respondent-Father that he only recently received the Order and immediately notified counsel of his desire to appeal, but after the deadline to file the Notice of Appeal."  To the extent Father's notice of appeal implies that Father did not receive notice of the judgment in a timely manner, no effort was made to comply with rule 306a(5) of the rules of civil procedure, and Father's counsel does not assert that he did not receive timely notice of the termination order.  *See* Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a(4), (5).